# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| I.E. LIQUIDATION, INC. ) | Case No. 06-62179 |
| (f/k/a Ideal Electric Company), ) | |
| Debtors. ) | Honorable Russ Kendig |
| ) | |
| _____ ) | |
| ) | |
| KEVIN DURST, as Plan Administrator of the ) | |
| Estate of I.E. Liquidation, Inc., ) | Adversary No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FRONTIER STEEL COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**AMENDED COMPLAINT (I) TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547, (II) TO RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550, AND (III) TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Now comes Kevin Durst, as Plan Administrator ("Plaintiff") of the Estate of I.E. Liquidation, Inc., by and through the undersigned counsel, and for his Complaint (I) to Avoid Preferential Transfers Pursuant to 11 U.S.C. § 547, (II) to Recover Preferential Transfers Pursuant to 11 U.S.C. § 550, and (III) to Disallow Claims Pursuant to 11 U.S.C. § 502(d), states as follows:

## THE PARTIES

1. I.E. Liquidation Inc., f/k/a Ideal Electric Company (the "Debtor") commenced its chapter 11 case (the "Bankruptcy Case") by filing a voluntary petition for relief under chapter 11

of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") on October 29, 2006 (the "Petition Date").

2. The Debtor was created in 1903 and had its corporate and operations center located in Mansfield, Ohio. The Debtor manufactured industrial switchgears and rotating equipment, including synchronous and induction motors and generators. Additionally, the Debtor operated a maintenance and repair service to respond to its customer's needs.

3. On August 27, 2008, the Court entered an order, docket no. 758 (the "Confirmation Order") confirming the Debtor's Second Amended Chapter 11 Plan of Liquidation (the "Plan").

4. The Plan and the Confirmation Order, among other things, vested and transferred all remaining assets of the Debtor, including rights to legal or equitable remedies, whether known or unknown (the "Causes of Action") to the liquidating Debtor (the "Liquidating Debtor"). Plaintiff, as plan administrator for the Liquidating Debtor, has responsibility for the management of the estate. Plaintiff is authorized to, among other things, pursue Causes of Action, including those set forth in this Complaint.

5. On September 30, 2008, Plaintiff and Defendant (defined below) executed a tolling agreement (the "Agreement") whereby the parties agreed that any limitations periods applicable and not yet expired as of the date of the Agreement, by virtue of 11 U.S.C. § 546(a) or otherwise, to bar any claim or remedy (including, but not limited to, a remedy under 11 U.S.C. § 502(d)) with respect to, or the bringing of any action or proceeding that could be brought under any applicable law to avoid or recover, all or any portion of the Transfers (or the value thereof) (defined below) shall be tolled and extended through and including October 29, 2010, which period has not yet expired.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, sections 547, 550, and 1142 of the Bankruptcy Code, the general order of reference of the United States District Court for the Northern District of Ohio, and Article XIII and Sections 13.1(E) and (M) of the Plan.

7. This is a core proceeding under some or all of the provisions contained in 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (F), and (O).

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

9. The above-captioned Defendant (the "Defendant") is subject to the jurisdiction of this Court. As such, the Defendant may be served with process in the manner prescribed by Federal Rule of Bankruptcy Procedure 7004(b).

## BACKGROUND

10. Prior the commencement of the chapter 11 case, the Debtor sold and serviced industrial switchgears and rotating equipment, including synchronous and induction motors and generators.

11. Upon information and belief, the Defendant provided goods and/or services to the Debtor.

## GENERAL ALLEGATIONS

12. During the ninety days prior to the Petition Date (the "Preference Period"), the Debtor made one or more transfers (the "Transfers") of property of the Debtor to or for the benefit of the Defendant, which Transfers total at least $50,983.78. A detailed listing of the Transfers is attached hereto as Exhibit A.[1]

---

[1] Exhibit A attached hereto lists each known transfer made by the Debtor to or for the benefit of the Defendant during the Preference Period.

{2433438:}

13. The Defendant may have received additional Transfers, which the Plaintiff may learn about during the discovery process. By this Complaint, Plaintiff also seeks the return of any such additional Transfers.

## COUNT I
**(To Avoid Preferential Transfers Pursuant to 11 U.S.C. § 547)**

14. Plaintiff incorporates by reference, as if fully stated herein, each and every allegation contained in paragraphs 1 through 13 of this Complaint.

15. Pursuant to the Plan, Plaintiff is authorized to seek the avoidance of the Transfers under section 547(b) of the Bankruptcy Code.

16. Within the Preference Period, the Debtor made the Transfers of property of the Debtor to or for the benefit of the Defendant, in the amount of at least $50,983.78.

17. At the time that the Transfers were made to or for the benefit of the Defendant, the Defendant was a creditor of the Debtor.

18. The Debtor made the Transfers in payment for or on account of an antecedent debt owed to the Defendant before the Transfers were made.

19. At the time that the Transfers were made to the Defendant, the Debtor was insolvent.

20. As a result of the Transfers, the Defendant received more than it would have received if this case was administered under chapter 7 of the Bankruptcy Code, if the Transfers had not been made, and if the Defendant received a distribution in respect of the underlying debt to the extent provided by the provisions of the Bankruptcy Code.

21. The Transfers to the Defendant are avoidable pursuant to Bankruptcy Code section 547(b).

## COUNT II
### (To Recover Avoided Transfers Pursuant to 11 U.S.C. § 550)

22. Plaintiff incorporates by reference, as if fully stated herein, each and every allegation contained in paragraphs 1 through 21 of this Complaint.

23. Pursuant to the Plan, Plaintiff is authorized to recover the Transfers under section 550 of the Bankruptcy Code.

24. Pursuant to section 550 of the Bankruptcy Code, Plaintiff is entitled to recover for the Debtor any of the Transfers or their value to the extent the Transfers are avoided under section 547 of the Bankruptcy Code.

25. Plaintiff is entitled to recover from the Defendant pre-judgment interest and post-judgment interest at the applicable rates.

26. Any judgment entered in favor of the Plaintiff should include allowable costs and expenses.

## COUNT III
### (To Disallow Claims Pursuant to 11 U.S.C. § 502(d))

27. Plaintiff incorporates by reference, as if fully stated herein, each and every allegation contained in paragraphs 1 through 26 of this Complaint.

28. To the extent that the Transfers are avoided pursuant to section 547 of the Bankruptcy Code, any claim or claims of the Defendant asserted against the Debtor or its estate is subject to mandatory disallowance pursuant to section 502(d) of the Bankruptcy Code, unless or until the aggregate amounts of the Transfers subject to avoidance or recovery are turned over to the Debtor.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendant as follows:

(a) avoiding the Transfers to the Defendant as preferential transfers pursuant to section 547 of the Bankruptcy Code;

(b) ordering that judgment be entered, pursuant to sections 547 and 550 of the Bankruptcy Code, in favor of Plaintiff and against the Defendant in the amount of the Transfers, plus pre-judgment interest, post-judgment interest, and costs of suit;

(c) directing the Defendant to pay immediately to Plaintiff cash in the amount of such judgment pursuant to section 550 of the Bankruptcy Code; and

(d) ordering that any claim asserted by the Defendant against the Debtor be disallowed unless or until the Defendant pays any such judgment in full, pursuant to section 502(d) of the Bankruptcy Code.

Respectfully submitted,

/s/ John A. Polinko
Sean D. Malloy (0073157)
Scott N. Opincar (0064027)
John A. Polinko (0073967)
MCDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
Phone: (216) 348-5400
Fax: (216) 348-5474
E-mail: smalloy@mcdonaldhopkns.com
sopincar@mcdonaldhopkins.com
jpolinko@mcdonaldhopkins.com

COUNSEL FOR PLAINTIFF, KEVIN DURST, PLAN ADMINISTRATOR OF THE ESTATE OF I.E. LIQUIDATION, INC.